ESTHER WOUK, Plaintiff, *v.* ISAAC MERIN et al., Defendants.

Supreme Court, Special Term, New York County, February 17, 1953.

*Louis Boehm* for plaintiff.

*Maxwell Parnes* and *Gustave J. Rosen* for Walter C. B. Schlesinger and another, defendants.

*Gustave J. Rosen* for Isaac Merin and others, defendants.

NATHAN, J. This is a suit in equity for an accounting against liquidating directors of the Fox Square Laundry Co., Inc., and also against the two individual defendants, Gustave J. Rosen and Walter C. B. Schlesinger, who have received some of the assets of the corporation which they are holding on behalf of the stockholders pursuant to a written agreement. The defendants David Podolnick and Jane Carmel have not been

served, and a stipulation of discontinuance has been made as to the defendant Jesse L. Goldberg.

Plaintiff claims that upon dissolution she and the other preferred stockholders, before any distribution to the common stockholders, are entitled to receive all arrearages of the cumulative dividends out of the assets and effects of the corporation. Defendants assert (1) that this is not so and that, as there are no declared unpaid dividends on the preferred stock, the holders of that stock are entitled to no payment on their stock other than its par value; and (2) that in any event plaintiff, as stockholder and director, is bound by a resolution alleged to have been duly adopted, providing for the payment of bonuses in lieu of any claimed amount for cumulative dividends.

Under the certificate of incorporation, as amended, the preferred stock is entitled to " cumulative dividends at the rate of 8% per annum." The relevant provisions of the amending certificate are as follows: " The Preferred Stock shall be entitled to cumulative dividends at the rate of eight per centum (8%) per annum out of the Surplus or net profits of the corporation, as and when declared by the Board of Directors in preference and priority to any payment of any dividends on the Common Stock; but only from the undivided surplus or net profits of the company when and as determined by the Board of Directors. In the event of the dissolution, liquidation or winding up of the corporation, the assets and funds thereof, after the payment of the debts shall be first applied to the payment to the holders of the Preferred Stock of the par value thereof, with any arrearage of dividends to which the holders of such Preferred Stock may be entitled, and the balance of the assets and effects of the corporation shall be distributed wholly among the holders of the Common Stock ".

The oral testimony and the exhibits establish to the satisfaction of the court that the plaintiff did not waive her rights to the payment of any cumulative dividends to which she may be entitled, and did not agree to the payment of a so-called bonus in lieu thereof. Even assuming that such a resolution was proposed, it is clear from a reading of the minutes of the meeting of June 23, 1949, at which defendants claim such resolution was adopted, that there was not a majority vote in favor of it.

With respect to the payment due the holders of the preferred stock, the mere fact that stock is designated " preferred stock " does not determine the rights of the holders. The extent of

the preferences, specifically whether the holders of preferred stock have the right to be paid on liquidation or dissolution of the corporation, dividends which have not been paid or declared while the corporation was a going concern, depends upon a proper construction of the terms of the contract under which their stock was issued. In this case that contract is the certificate of incorporation as amended. The court finds that under the provisions of that certificate, the holders of the preferred stock are entitled to receive on dissolution of the corporation an amount equivalent to the unpaid accrued cumulative dividends, whether or not profits have theretofore existed or presently exist, before the common stockholders are entitled to any payments. The defendants would limit the stated preference of " any arrearages of dividends " to declared unpaid dividends, but that interpretation would not give any significance to the phrase because the preferred stockholders would already have a valid claim to that extent.

The court's interpretation is fortified by the use of the words " the assets and funds " and " the balance of the assets and effects " as the source out of which dissolution payments, including arrearages of dividends on the preferred stock, are to be paid. It is likewise in accord with the prevailing American decisions that upon dissolution there need be no profits out of which to pay " arrears of dividends." (25 A. L. R. 2d 788, 808.)

This holding does not run counter to the requirement of section 58 of the Stock Corporation Law, prohibiting the *declaration* of dividends except out of surplus profits.

This fundamental requirement that capital cannot be impaired by the declaration of dividends out of capital assets, but must be declared out of earnings applies to a going concern and not to a corporation in liquidation which has contracted to pay cumulative dividends out of assets on distribution. Statutory and common-law restrictions upon the declaration and payments of dividends were designed to protect creditors and the public. But upon dissolution, before payments are made in liquidation to stockholders all creditors have been paid and there is no longer any public interest in the remaining corporate assets.

The meaning and significance of " dividend " when referring to a return from a going concern does not control when used in connection with dissolution or liquidating payments. In those instances the phrase " arrearages of cumulative dividends " is used as a measure of return from assets, and not to connote or describe a dividend as contemplated by section 58 of the Stock

Corporation Law, and other similar statutory enactments. In such instances the nonexistence of profits creates no legal barrier to the payment of so-called " dividends " in dissolution proceedings.

Accordingly an accounting is directed to determine (1) the amount of accrued arrearages of cumulative dividends on the preferred stock, whether previously declared or not, and (2) the amount of assets and effects of the defendant corporation received either by the liquidating directors of the corporation or by the defendants Gustave J. Rosen and Walter C. B. Schlesinger under the agreement herein referred to and the disposition thereof.

Settle interlocutory judgment accordingly, providing for the appointment of a referee to take and state the account.